**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER JACKSON**, individually and on behalf of all others, | Case No. 3:17-cv-02021 |
| Plaintiff, | **CLASS ACTION ALLEGATION COMPLAINT** |
| v. | Negligence |
| **ALTERYX, INC.**, | 28 U.S.C. § 1332 |
| Defendant. | Demand for Jury Trial |

1.

**THE PARTIES**

Defendant Alteryx, Inc. is a billion-dollar computer software company and a Delaware corporation. On December 19, 2017, news outlets began reporting for the first time that a negligent data breach

**COMPLAINT** – Page 1 of 12

caused by Alteryx had compromised the personal information of 120 million American households. Rather than promptly provide the public with details of its breach as Oregon law required, Alteryx attempted to downplay the severity of the leak. Though Alteryx claims no individual names were accessed, experts say hackers could easily determine who the stolen data was linked to either by looking at the account details or by crosschecking with previous leaks.

2.

Plaintiff Christopher Jackson is an individual consumer residing in the Portland, Oregon area. Plaintiff had his information compromised by Alteryx, causing him identity theft and credit harm. Specifically, plaintiff's information was used to create a fraudulent credit account tied to his contact information under a similar name. Plaintiff could have prevented this harm had Alteryx notified him that his information was compromised in "the most expeditious manner possible" as required by Oregon law. Plaintiff has never filed a lawsuit before and is not aware that his personal information has been compromised by any source other than Alteryx.

3.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy for the Oregon class exceeds $700 million exclusive of penalties. Venue is proper under 28 U.S.C. § 1391 because the bulk of Oregon consumers with personal information stored by Alteryx live in the Portland area.

4.

## FACTUAL ALLEGATIONS

Plaintiff files this complaint as a class action on behalf of an estimated 1.5 million Oregon consumers harmed by Alteryx's failure to adequately protect their personal information. This complaint requests Alteryx provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

5.

Over the past decade, Alteryx stored various pieces of personal information from plaintiff and thousands of other Oregon consumers.

6.

Alteryx's database included individual addresses, phone numbers, household sizes, and more personal information such as a person's ethnicity, which charities a person donates to, what types of magazines a person subscribes to, and how much a person pays each month on their mortgage.

7.

Alteryx owed a legal duty to plaintiff to use reasonable care to protect his personal information from unauthorized access by third parties. Alteryx knew that its failure to protect plaintiff's personal information from unauthorized access would cause serious risks of credit harm and identify theft for years to come.

8.

Alteryx unjustifiably failed to timely notify consumers of its data breach in the most expeditious manner possible, and only chose to acknowledge the unauthorized access after a cyber expert disclosed the breach to a news outlet, after the damage to their credit was already done.

9.

In an attempt to increase profits, Alteryx negligently failed to maintain adequate technological safeguards to protect plaintiff's information from unauthorized access by hackers. Hackers targeted

plaintiff's information for the sole purpose of using the information to commit fraud. Alteryx knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Alteryx could have and should have substantially increased the amount of money it spent to audit its systems to protect against data breaches but chose not to. Any professional cyber security firm would have promptly discovered Alteryx's vulnerability through a basic audit of its database systems. Consumers should not have to bear the expense caused by Alteryx's failure to safeguard their information from unauthorized access.

10.

As a direct result of Alteryx's negligence as alleged in this complaint, plaintiff suffered economic losses including the actual loss of his personal information to hackers seeking to use his information for fraudulent illegal purposes, and economic losses including lost credit opportunities, and suffered economic loss, confusion and wasted time monitoring and responding to fraudulent credit activities. The economic losses Alteryx caused consumers throughout Oregon could have been mitigated had Alteryx notified them that their information was compromised in the most expeditious manner possible. Alteryx's failure to timely notify Oregon consumers of its data breach also constituted negligence.

11.

## CLASS ALLEGATIONS

Plaintiff files this complaint as an Oregon class action lawsuit. The class consists of consumers like plaintiff who reside in Oregon and who had personal information stored by Alteryx, and who were subject to economic losses including risk of data loss and credit harm and identity theft as a result of Alteryx's negligent data breach, and who could have prevented or mitigated their harm had Alteryx notified them that their information was compromised in the most expeditious manner possible.

12.

Excluded from the class are all attorneys for the class, officers and members of Alteryx, including officers and members of any entity with an ownership interest in Alteryx, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

13.

The exact number of aggrieved Oregon consumers, estimated at 1.5 million, can be determined based on Alteryx's database information.

14.

Every aggrieved member of the putative class suffered economic losses as alleged in this complaint directly and proximately caused by Alteryx's negligent failure to adequately protect its database from

unauthorized access by third-party hackers and failure to notify consumers that their information was compromised in the most expeditious manner possible.

15.

The class is so numerous that joinder is impracticable. Upon information and belief, the Oregon class includes 1.5 million consumers based on Oregon's population and the initial estimate that 120 million Americans were affected by the breach.

16.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and class members are entitled to equitable relief, whether Alteryx acted negligently, and whether plaintiff and class members are entitled to recover money damages.

17.

Plaintiff's claims are typical of the claims of the class because each suffered risk of loss or credit harm or identity theft or economic losses caused by Alteryx's negligent failure to safeguard their personal information, the injuries suffered by plaintiff and the class members are identical (i.e. the costs to monitor and repair their credit through a third-party service for at least 24 months, the amounts of economic losses caused by identity theft and credit harm and unauthorized use),

and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer data breach cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

18.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include consumers protected by Oregon's data breach notification law suffering the same injury has been commenced in Oregon, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because the bulk of consumers in Oregon who suffered injury caused by Alteryx's negligence reside in the Portland metropolitan area. A class action will be an efficient method of

adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Alteryx. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of Alteryx's databases will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

19.

## CLASS CLAIM FOR RELIEF

## NEGLIGENCE

As alleged in this complaint, Alteryx undertook care of personal information belonging to plaintiff and the putative Oregon class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury. Alteryx's failure to comply with laws requiring it to notify consumers of its data breach in the most expeditious manner possible constituted negligence per se.

20.

Plaintiff and the Oregon class are entitled to equitable relief in the form of an accounting of exactly how their personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Alteryx, an order to preserve all documents and information (and electronically stored information) pertaining to this case.

21.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the proposed class as follows:

**A.** Unless agreed upon by Alteryx, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against Alteryx for fair compensation in an amount to be decided by the jury, and costs,

**D.** And other relief the Court deems necessary.

December 20, 2017

        **RESPECTFULLY FILED,**

        s/ Michael Fuller
        **Michael Fuller, OSB No. 09357**
        Lead Attorney for Plaintiff
        Olsen Daines PC
        US Bancorp Tower
        111 SW 5th Ave., Suite 3150
        Portland, Oregon 97204
        michael@underdoglawyer.com
        Direct 503-201-4570

(additional counsel information on next page)

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Justin Baxter, OSB No. 992178**
Of Attorneys for Plaintiff
Baxter & Baxter LLP
8835 SW Canyon Ln Ste 130
Portland, Oregon 97225
justin@baxterlaw.com
Phone 503 297-9031

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiff
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiff
kellydonovanjones@gmail.com